on the night in question—one where a heavy use of alcohol influenced the use of a motor vehicle and the power that comes with being a police officer in a way that endangered the public—was not unexpected of Officer Spencer. To the contrary, it was exactly the kind of knucklehead, irresponsible, and stupid behavior that his prior course of conduct might predict would eventually occur. It may be that a jury, upon a fuller explanation, would conclude that Chief Szczerba acted in a way that could not be considered wantonly negligent.

But, it also may be that the jury would conclude that Chief Szczerba was conscious that the officer disciplinary process over which he presided was not operating in good faith; operated because it had to, and worked to sweep serious problems under the rug, leaving the public at risk of dangerous encounters with officers with serious personal and behavioral problems that made them unfit to wield deadly force.[23]

It is not an easy thing to prove wanton negligence. But, the record here is troubling enough to at least create a jury question that should not be answered by a judge on a summary judgment motion. I respect that my colleagues in the majority have reached a different conclusion in good faith, and I wish I could join them. The

---

**23.** My respected colleagues in the Majority suggest that there is no triable issue of fact regarding whether Officer Spencer's repeated problems could be traced to alcohol abuse in real time, rather than in hindsight. I respectfully part company on that point. It may well be the case that a jury would find that each incident was properly investigated in the same manner in which inquiring minds like detectives and officers on the beat deal with citizens in situations where alcohol use is frequently associated with problematic human behavior. But, to my mind at least, a fact question exists as to whether the disci-

facts of record, however, are too unsettling to allow me to do so.

Junior THELEMARQUE, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 225, 2015

Supreme Court of Delaware.

Submitted: December 2, 2015
Decided: February 11, 2016

AFFIRMED.

Hayward EVANS, Defendant Below, Appellant,

v.

---

pline system overseen by Chief Szczerba was one that, as a regular matter, applied a different investigative standard when it examined officer behavior than it used when investigating citizen behavior. As the Majority itself cites, there are several undisputed examples of just that in this record, which include behavior by Officer Spencer himself, by a police dispatcher, and by a police captain. A jury should decide whether any lack of knowledge was the result of something being undiscoverable, mere negligence, or a pattern of institutional indifference amounting to wanton negligence on the part of Chief Szczerba.

STATE of Delaware, Plaintiff Below, Appellee.

No. 636, 2015

Supreme Court of Delaware.

Submitted: December 18, 2015
Decided: February 19, 2016

DISMISSED.

■

Bryan BROCHU, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 329, 2015

Supreme Court of Delaware.

Submitted: December 7, 2015
Decided: February 19, 2016

AFFIRMED.

■

David COLES, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 445, 2015

Supreme Court of Delaware.

Submitted: February 17, 2016
Decided: February 22, 2016

AFFIRMED.

■

Robert JONES, Sr., Defendant Below-Appellant,

v.

STATE of Delaware, Plaintiff Below-Appellee.

No. 395, 2015

Supreme Court of Delaware.

Submitted: February 17, 2016
Decided: February 22, 2016

REMANDED.

■

Oscar MARTINEZ, Defendant Below, Appellant,

v.